IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHELE KATHER, KOURTNEY SELEE, ALYSSA BUTTON, JUSTIN CIRILLO, ANNA DREVENSTEDT, RON HITTINGER, MILES KOPISH, HOLLY MARTIN, TAMARA RADA, JESSICA STONE, MICHAELA BEGG, MYRANDA MILLER, RONDA K. OSTERBERG, and JAMES WILSON, | No. 1:22-cv-01842-MC |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| ASANTE HEALTH SYSTEM and DOES 1 THROUGH 50, | |
| Defendants. | |

**MCSHANE, District Judge:**

Plaintiffs bring religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against their former employer, Defendant Asante Health System. Pls.' Second Am. Compl. ¶¶ 74, 82, ECF No. 27 ("SAC"). They allege that Defendant unlawfully terminated their employment when Plaintiffs declined, based on a religious belief, to be vaccinated against the COVID-19 virus. *Id.* ¶ 2. Defendant moves to dismiss six Plaintiffs from the case (Ron Hittinger, Holly Martin, Ronda K. Osterberg, Miles Kopish, Tamara Rada, and Michaela Begg), arguing they failed to allege sincerely held religious beliefs that conflict with receiving a COVID-19 vaccine. Def.'s Renewed Mot. to Dismiss 2–3, ECF No. 28. Because Plaintiffs Hittinger, Martin, and Osterberg sufficiently allege a conflict between their sincerely held religious beliefs and receiving the vaccine, while Plaintiffs Kopish, Rada, and Begg fail in that

1 – OPINION AND ORDER

respect, Defendant's Renewed Motion to Dismiss (ECF No. 28) is DENIED in part and GRANTED in part.

## BACKGROUND

In August 2021, the Oregon Health Authority ("OHA") enacted an administrative rule ("the Mandate") requiring healthcare workers in Oregon to be vaccinated against COVID-19 by a deadline of October 18, 2021. SAC ¶ 10. The Mandate permitted healthcare employers to grant religious exceptions to employees upon request. *Id*. Defendant required employees to be vaccinated against COVID-19 by September 30, 2021, except employees with approved religious exception requests. *Id*. ¶ 12–13. All Plaintiffs were healthcare workers formerly employed by Defendant who sought religious exceptions to the Mandate. *Id*. ¶¶ 1–2.

Plaintiff Ron Hittinger began working as an ultrasound technician at Rogue Regional Medical Center in 2017. *Id.* ¶ 19. He is a believer in God and the Bible. *Id*. Hittinger submitted an initial religious exception request to Defendant in September 2021, alleging "the immunizations required by Asante Health System are contrary to [his] religious and spiritual tenants and practices." SAC Ex. E, at 52.[1] On October 6, Hittinger submitted another religious exception request alleging a "sincerely held religious belief not to interfere with the function of the human immune system which God created" and that doing so would be an "abomination." *Id*. at 59. The request also referenced an objection to consuming anything that "originates from fetal cell lines." *Id*. On October 18, Defendant granted Hittinger's religious exception request and

---

[1] The Court may rely on outside documents incorporated by reference in the complaint upon which the complaint "necessarily relies." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 688−89 (9th Cir. 2001). Plaintiffs rely on various segments of their submitted exception requests and other correspondence with Defendant in their Complaint. *See* SAC ¶¶ 40, 45, 47, 49. The Court may therefore consider these documents here.

placed him on unpaid leave. SAC ¶ 32. Defendant later terminated Hittinger's employment on or about April 30, 2022. *Id*. ¶ 44.

Plaintiff Holly Martin also worked at Rogue Regional Medical Center, starting as a certified sterile processing technician in 2012. *Id* ¶ 21. Martin is a "New Age" Christian who holds Christian and Native American spiritual beliefs. *Id*. In September 2021, Martin submitted a religious exception request to Defendant alleging that the "low energy constituents" in the COVID-19 vaccine would lower "the vibrations of [her] Spirit being," which is opposite to her purpose in life to "raise the vibration of planet earth." SAC Ex. H, at 70–72. Martin also mentioned the use of aborted fetal cell lines in the vaccine development. *Id.* at 71. Like Hittinger, Defendant granted Martin's religious exception request, placed her on unpaid leave in October 2021, and fired her in April 2022. SAC ¶¶ 32, 44.

Plaintiff Ronda K. Osterberg was employed as a security officer at Three Rivers Medical Center for eight years. *Id*. ¶ 24. Osterberg initially filed a religious exception request on September 5, 2021, asserting trust in the "Lord" over the "solutions of men." SAC Ex. RR, at 158. After Defendant denied Osterberg's first request, Osterberg submitted two subsequent requests to Defendant on September 21 and October 3. *Id*. at 160–65. Her October request alleged a belief that "Satan is at work with the whole forceful COVID-19 vaccination mandate." *Id.* at 164. Defendant denied her exception request and terminated her employment on October 31, 2021 because she was not vaccinated against COVID-19 by the October 18 deadline. SAC Ex. UU, at 173.

Plaintiffs Kopish, Rada, and Begg submitted almost identical religious exception requests. SAC Ex. G, at 67; Ex. I, at 76; Ex. PP, at 153. Their affidavits allege, "where Asante exalts itself in purporting to place an unbeliever in a position to judge the Word of God, it is

blasphemy, satanic, sinful, untruth, and insultive [sic] trespass." *Id*.

Kopish began as a floor technician at Three Rivers Medical Center in 2008. SAC ¶ 20. Kopish objected to Defendant's mandatory vaccine policy in an affidavit signed on October 5, 2021. SAC Ex. G, at 67. Defendant terminated his employment on October 31 for failing to comply with the vaccine mandate. SAC Ex. Q, at 99.

Rada worked as a nurse on various teams at Rogue Regional Medical Center since 2003. SAC ¶ 22. On October 7, 2021, Rada provided Defendant an affidavit objecting to the vaccine mandate. SAC Ex. I, at 75. Defendant terminated her employment on December 21, 2021 for not complying with the COVID-19 vaccine mandate. SAC Ex. S, at 103.

Begg started working for Defendant in 2001, handling electronic medical records. SAC ¶ 29. She is a practicing Methodist. *Id*. Begg submitted an affidavit to Defendant on September 17, 2021 objecting to the vaccine mandate. SAC Ex. PP, at 153. Defendant ended her employment on December 14, 2021. SAC ¶ 29.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

Defendant argues that Plaintiffs Hittinger, Martin, Osterberg, Kopish, Rada, and Begg failed to plead prima facie cases of employment discrimination under Title VII, 42 U.S.C. § 2000e, and Or. Rev. Stat. section 659A.030(1)(a).[2] Def.'s Mot. 2. Title VII makes it is unlawful for an employer to discharge an employee because of their religion. 42 U.S.C. § 2000e-2(a)(1); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id*. If an employee articulates a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id*.

To assert a prima facie failure-to-accommodate claim under Title VII, Plaintiffs must allege that (1) they "had a bona fide religious belief, the practice of which conflicted with an employment duty;" (2) they "informed [their] employer of the belief and conflict;" and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action

---

[2] Claims brought under Or. Rev. Stat. section 659A.030(1)(a) are analyzed under the same framework as claims brought under Title VII. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 22-cv-01306, 2022 WL 19977290, slip op. at *3 (D. Or. Dec. 20, 2022).

5 – OPINION AND ORDER

because of [their] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. "A bona fide religious belief is one that is 'sincerely held.'" *Keene v. City and Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. May 15, 2023). A court should generally accept the assertion of a sincerely held religious belief. *Id*. at *2; *Beuca v. Wash. State Univ.*, No. 23-CV-0069, 2023 WL 3575503, slip op. at *2 (E.D. Wash. May 19, 2023) (declining to "second-guess" or "scrutinize" the plaintiff's claim that merely stated he had a religious objection to the COVID-19 vaccine). And the burden to allege a religious conflict with an employment duty is minimal. *Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023); *Collins v. Tyson Foods, Inc.*, No. 22-CV-00076, 2023 WL 2731047, at *7 (W.D. Ky. Mar. 30, 2023) (ruling that a plaintiff established a prima facie case by simply identifying as a Christian who opposed the COVID-19 vaccine due to the use of fetal cell tissue).

However, a court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223. A "threadbare reference" to the plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case. *Gage v. Mayo Clinic*, No. CV-22-02091, 2023 WL 3230986, slip op. at *3 (D. Ariz. May 3, 2023). Title VII does not protect medical, economic, political, or social preferences. *See Tiano*, 139 F.3d at 682; *Detwiler*, 2022 WL 19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be secular because she believed tests were carcinogenic and would cause more harm than good); *Brox v. Hole*, 590 F. Supp. 3d 363, 366 (D. Mass. 2022).

The U.S. Equal Employment Opportunity Commission ("EEOC") provided Title VII guidance on religious accommodations to COVID-19 vaccine mandates. The EEOC explained that "an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the grounds that the employee's belief is not truly religious in nature." *Doe v. San*

*Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021). The guidance underscores that objections to COVID-19 vaccines "purely based on social, political, or economic views or personal preferences . . . (including about the possible effects of the vaccine)" are not religious beliefs under Title VII. *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* at L.2, EEOC, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (Oct. 25, 2021) (last visited July 24, 2023). However, overlapping secular and religious objections do not place a requested accommodation outside the scope of Title VII. *Id*.

*Rolovich v. Washington State University* is informative to the facts here. The plaintiff's complaint stated he was a "practicing Catholic" and his "study of the Bible, personal prayer, . . . advice from a Catholic priest, and the teachings of the Church . . . precluded him from receiving any available COVID-19 vaccine." *Rolovich v. Wash. State Univ.*, No. 22-CV-0319, 2023 WL 3733894, slip op. at *3 (E.D. Wash. May 30, 2023) (alterations in original). The defendant moved to dismiss based on the plaintiff's alleged failure to plead how his sincerely held religious belief specifically conflicted with the COVID-19 vaccine mandate. *Id*. The district court found the plaintiff's general assertion that his Catholic faith motivated his objection to the vaccine was satisfactory at the pleading stage to allege a religious conflict with an employment duty. *Id*. The plaintiff did not need to explain in detail how the vaccine conflicted with his Catholic faith.

Defendant argues Hittinger insufficiently alleged a religious belief that conflicts with receiving a COVID-19 vaccine, depicting his request as a "generalized fear of harm or trust in God." Def.'s Mot. 16. Hittinger alleges that receiving a COVID-19 vaccine would conflict with his "sincerely held religious belief not to interfere with the function of the human immune system which God created." SAC Ex. E, at 59. Hittinger's conflict was not grounded in a

medical judgment of the vaccine's efficacy or health risk. Rather, Hittinger's objection was at least partially based on a religious fear that a COVID-19 vaccine would alter his God-given body chemistry in a manner that offends his understanding of God's intent for the human genetic code. Additionally, he cites opposition to injecting into his body anything that "originates from fetal cell lines." *Id*. It can be inferred that Hittinger's belief in God informs his opposition to receiving a vaccine he alleges originates from the use of fetal cells. *See Keene*, 2023 WL 3451687, at \*2; *Collins*, 2023 WL 2731047, at \*7. Hittinger's religious exception request sufficiently informed Defendant of how his bona fide religious beliefs conflict with the COVID-19 vaccine mandate.

Similarly, Defendant argues Martin failed to explain how receiving a COVID-19 vaccine conflicts with her religious beliefs. Def.'s Mot. 16. Defendant contends that Martin's resistance is more like a "generalized fear of harm" than a religious objection. *Id*. at 22. This Court again disagrees. Martin alleges "New Age Christianity" as her religious belief, which informs her understanding that she must "raise the vibration of planet earth." SAC Ex. H, at 70. Further, Martin alleges that COVID-19 vaccines contain "low energy constituents" that the "Great Spirit" tells her would lower her bodily vibrations. *Id*. at 71–72. She specifically addresses how receiving a COVID-19 vaccine conflicts with her religious beliefs (i.e., the vaccine would lower her vibrations, therefore lowering the planet's vibrations, counter to a mandate by the "Great Spirit."). *Id.* Her self-identified "Christianity" and resistance to receiving a vaccine developed with fetal cell lines is another reasonably inferred religious conflict. *Id*. at 70–71; *See Collins*, 2023 WL 2731047, at \*7. Martin adequately alleged a sincerely held religious belief, the practice of which conflicts with receiving a COVID-19 vaccine.[3]

---

[3] Defendant also argues Martin's claim is subject to dismissal because she allegedly failed to use the form prescribed by OHA. Def.'s Mot. 22. However, it appears Martin utilized the OHA religious exception request form. SAC Ex. H, at 69. The OHA requires an employee to make a religious exception request using the OHA form or a "similar

Defendant also argues Osterberg failed to allege how her religious beliefs conflict with receiving a COVID-19 vaccine. Def.'s Mot. 17. She alleges that "Satan is at work with the whole forceful COVID-19 mandate" and that she has the "God-given right to refuse a vaccination that goes against everything [she] believe[s] in." SAC Ex. RR, at 163–64. Despite not articulating her religious conflict with great clarity and precision, it can be inferred that Osterberg's religious-based hostility toward the COVID-19 mandate informs a religious opposition to receiving a COVID-19 vaccine. Like in *Rolovich*, Osterberg pleads enough facts that, favorably construed, allege a conflict with receiving a COVID-19 vaccine motivated by her bona fide religious beliefs. Osterberg satisfies the minimal burden to allege a religious employment conflict at the pleading stage. *See Bolden-Hardge*, 63 F.4th at 1223; *Beuca*, 2023 WL 3575503, at *2.

Finally, Defendant convincingly argues the affidavits submitted by Kopish, Rada, and Begg are too broad and vague to sufficiently allege religious beliefs that conflict with obtaining a COVID-19 vaccine. Def.'s Mot. 15–16, 22. Kopish, Rada, and Begg submitted almost identical religious exception requests, alleging "where Asante exalts itself in purporting to place an unbeliever in a position to judge the Word of God, it is blasphemy, satanic, sinful, untruth, and insultive [sic] trespass." SAC Ex. G, at 67; Ex. I, at 76; Ex. PP, at 153. In a sea of other text, this allegation only generally emotes religious opposition to Defendant's authority to mandate vaccines. *Id*. Plaintiffs argue that this objection is like an individual's right to broadly refuse medical treatment for religious reasons. Pls.' Opp'n to Mot. 23, ECF No. 29. However, vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for

---

form" that contains all information required in the OHA form, including a description of a religious conflict with receiving a COVID-19 vaccine. OREGON HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 42-2021 (effective Sept. 1, 2021). Even if Martin did not use the OHA form, she sufficiently informed Defendant of her religious conflict with receiving the vaccine. Defendant's additional argument that Hittinger, Martin, and Osterberg failed to comply with the requirements of Or. Admin. R. 333-019-1010 necessarily fails based on the Court's finding in this Opinion that all three of them sufficiently described a sincerely held religious belief that conflicts with receiving the COVID-19 vaccine in their religious exception requests submitted to Defendant.

9 – OPINION AND ORDER

avoiding all unwanted employment obligations. *Finkbeiner v. Geisinger Clinic, et al.*, 623 F. Supp. 3d 461, 465–66 (M.D. Pa. 2022). Kopish, Rada, and Begg allege facts that hint at religious beliefs but do not specify how those beliefs conflict with receiving a COVID-19 vaccine. In fact, their affidavits make no mention of the vaccine at all. Instead, they primarily focus on secular legal and economic objections to the Mandate. A "threadbare reference" to religious beliefs is insufficient at the motion to dismiss stage. *See Gage*, 2023 WL 3230986, at *3. As a result, Kopish, Rada, and Begg do not satisfy the first step of alleging a prima facie failure-to-accommodate claim. Because Kopish, Rada, and Begg are unable to amend their religious exception requests submitted to Defendant and incorporated into their Complaint, any attempt to amend their claims would be futile.

## CONCLUSION

For the above reasons, Defendant's Renewed Motion to Dismiss (ECF No. 28) is DENIED for the claims brought by Hittinger, Martin, and Osterberg, and GRANTED for the claims brought by Kopish, Rada, and Begg without leave to amend.[4]

DATED this 28th day of July, 2023.

_____/s/ Michael J. McShane_____

Michael J. McShane
United States District Judge

---

[4] Defendant's original Motion to Dismiss (ECF No. 13) is denied as moot.