IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHELE KATHER, an Individual,
*et al.*,

        Plaintiffs,

    v.

ASANTE HEALTH SYSTEM, a Public
Benefit Corporation and DOES 1 Through 50,
Inclusive,

        Defendants.

Case No. 1:22-cv-01842-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

Defendant Asante Health System ("Asante") asks this Court to certify the claims of all Plaintiffs, except for Plaintiff Stone, under Federal Rule of Civil Procedure 54(b). Def.'s Mot. Partial Final J., ECF No. 103. As this Court has rendered a final judgment regarding these claims, and because there is no just reason for delay, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiffs bring religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against their former employer, Defendant Asante. Pls.' Second Am. Compl. ¶¶ 74, 82, ECF No. 27. Plaintiffs allege that Defendant unlawfully terminated their employment, or placed them on indefinite unpaid leave, when Plaintiffs declined to be vaccinated against COVID-19 based on religious beliefs. *Id.* ¶ 2.

Defendant Asante moved to dismiss the claims of six Plaintiffs for failing to allege

1 – Opinion & Order

sincerely held religious beliefs that conflict with Asante's vaccination requirement.[1] Op. & Order 1, Jul. 28, 2023, ECF No. 32. The Court dismissed, without leave to amend, the claims of three Plaintiffs because they failed to sufficiently allege prima facie cases of employment discrimination under Title VII and Oregon law. *Id.* 5, 10.

Defendant then moved for phased discovery on the remaining 11 Plaintiffs' claims, with Phase One limited to the issues of undue hardship and reasonable accommodation.[2] Def.'s Mot. Phased Disc. 3, ECF No. 44; Findings & R. ("F&R") 1, Jun. 25, 2025, ECF No. 92. After Phase One, Defendant sought summary judgment against all surviving claims. Def.'s Mot. Summ. J. 1, ECF No. 61.

Judge Clarke issued a Findings and Recommendation in which he concluded that all but one of the remaining 11 Plaintiffs could *not* complete their work remotely. F&R 16–17. Defendant Asante thus established undue hardship—and was entitled to judgment as a matter of law—as to the remaining Plaintiffs' claims except for Plaintiff Stone's. *Id.* Judge Clarke also recommended dismissal of any claims against "Doe" Defendants. *Id.* 27.

This Court adopted in full Judge Clarke's Findings and Recommendation. Order, Aug. 14, 2025, ECF No. 98. This action is now in Phase Two of discovery. Phase Two involves only the individual claims of Plaintiff Stone, who raised a triable issue of fact as to whether she could (and did) perform her job entirely remotely before the COVID-19 pandemic. F&R 23–24. The Court now decides Defendant's Motion for Partial Final Judgment.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that when an action involves more than one

---

[1] Defendant moved to dismiss the claims of Ron Hittinger, Holly Martin, Ronda K. Osterberg, Miles Kopish, Tamara Rada, and Michaela Begg. Op. & Order 1, Jul. 28, 2023, ECF No. 32. The claims brought by Hittinger, Martin, and Osterberg survived dismissal, while those of Kopish, Rada, and Begg did not. *Id.* 10.
[2] The claims of Plaintiffs Michele Kather, Kourtney Selee, Alyssa Button, Anna Drevenstedt, Justin Cirillo, Ron Hittinger, Holly Martin, Ronda K. Osterberg, James Wilson, and Myranda Miller failed at the summary judgment stage. F&R 17–25.

2 – Opinion & Order

claim for relief or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). To do so, the court must "expressly determine[] that there is no just reason for delay." *Id.*

A district court must first determine whether "it has rendered a 'final judgment.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). A final judgment is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.*

If it has rendered a final judgment, a court must then decide whether there is any just reason for delay. *Wood*, 422 F.3d at 878. Courts use their "'sound judicial discretion'" to decide when each final decision "'is ready for appeal.'" *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). "This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.*

## DISCUSSION

### I.      The Court has rendered a final judgment as to all claims at issue.

Under Rule 54(b), a decision is final when there is nothing left to do but "'execute the judgment.'" *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 737 (9th Cir. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

This Court's dismissal, without leave to amend, of Plaintiffs Kopish, Rada, and Begg's claims constitutes a final decision within the meaning of Rule 54(b). Op. & Order 1–2, Jul. 28, 2023; *see also* 28 U.S.C. § 1291; *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (stating when the district court dismisses claims against one of a number of parties, it can certify these claims under Rule 54(b) if there is no just reason for delay).

Further, the Court granted summary judgment against the claims of ten Plaintiffs. Order 1–2, Aug. 14, 2025. As to these Plaintiffs, all that is left for this Court to do is execute a final judgment. *See., e.g., Johnson v. Meltzer*, 134 F.3d 1393, 1396 (9th Cir. 1998) (noting a grant of summary

judgment is a final, appealable order). The "finality" requirement under Rule 54(b) is met.

II.    **Because there is no just reason for delay, the Court directs the entry of final judgment as to all Plaintiff's claims—save for Plaintiff Stone's—under Rule 54(b).**

In evaluating if there is just reason for delay, courts are to consider (1) whether certification under Rule 54(b) would create unnecessary appellate review; (2) whether the adjudicated claims are separate, distinct, and independent from surviving claims; (3) whether review of dismissed claims would be mooted by future developments in the case; and (4) whether a court of appeals would decide the same issues more than once in subsequent appeals. *Wood*, 422 F.3d at 878 n.2 (discussing *Curtiss-Wright Corp.*, 446 U.S. at 5–6). The absence of any of these factors does not necessarily render certification under Rule 54(b) improper. *Curtiss-Wright Corp.*, 446 U.S. at 8 n.2.

This Court finds that it is the "'appropriate time'" to certify for appeal the claims of all Plaintiffs except Plaintiff Stone. *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). Plaintiff Stone's claims are factually and legally severable from those of the remaining Plaintiffs. Her claim arises from the allegation that Defendant permitted her to work remotely before and after COVID-19's emergence and thus violated Title VII and Oregon law by placing her on administrative leave. F&R 23. Plaintiff Stone is the only Plaintiff who raised a triable issue of fact as to undue hardship.

Certifying the claims at issue under Rule 54(b) also streamlines ensuing litigation because an appellate court would not decide the same issues more than once in subsequent appeals. *See, e.g., Noel*, 568 F.3d at 747 (citation omitted) (explaining even if the certified claims are not "separate and independent" from the surviving claims, certification may still be proper if doing so streamlines ensuing litigation). For the three Plaintiffs whose claims were dismissed, the issue on appeal would be whether the district court erred in finding that they did not sufficiently plead prima facie cases of employment discrimination under Title VII and Oregon law. Plaintiff Stone, in contrast, met pleading requirements.

4 – Opinion & Order

As to the ten Plaintiffs whose claims failed at summary judgment, they could not perform all their job duties remotely—unlike Plaintiff Stone. F&R 17. If Defendant allowed unvaccinated employees to work in-person, it would have created undue hardship. *Id.* On appeal, the reviewing court would conduct a fact-specific inquiry about each remaining Plaintiff's job duties that would be unrelated to Plaintiff Stone's individual circumstances. *See Groff v. DeJoy*, 600 U.S. 447, 468 (2023) (holding whether an accommodation constitutes undue hardship is a "fact specific inquiry" to evaluate if "a burden is substantial in the overall context of an employer's business.").

Finally, developments in the case would not moot an appellate court's review of the certified claims. A fact-finder's determination of whether Plaintiff Stone could and did work fully remotely has no bearing on the remaining Plaintiffs' factual or legal issues on appeal. *Cf. Wood*, 422 F.3d at 879–80 (finding the district court's certification under Rule 54(b) improper because the plaintiff's certified claim and her remaining claims arise from identical facts—they only differ based on the theory of recovery).

## <u>CONCLUSION</u>

Because this Court has finally disposed of the claims at issue and there is no just reason for delay, Defendant's Motion for Partial Final Judgment, ECF No. 103, is **GRANTED**.

IT IS SO ORDERED.

DATED this 20th day of March 2026.

s/Michael J. McShane
Michael McShane
United States District Judge
